THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Crim. No. 19-CR-372-5 (EGS) |
| | : |
| RONALD WEAVER, | : |
| | : |
| Defendant. | : |

## MEMORANDUM IN AID OF SENTENCING

The United States of America, by its undersigned counsel, hereby files its Memorandum in Aid of Sentencing in this matter. For the reasons set forth below, the Government asks that the Court sentence the defendant to 30 months incarceration and three years of supervised release.

### I.      SENTENCING FACTORS

In sentencing a defendant, after calculating the appropriate Guideline range, the Court must consider the factors set forth in 18 U.S.C. Section 3553.[1] See Gall v. United States, 552 U.S. 38 (2007). These factors are in keeping with the traditional factors used by courts when imposing a sentence: (1) the protection of society against wrongdoers; (2) the punishment or discipline of the wrongdoer; (3) the reformation of the wrongdoer; and (4) the deterrence of others from the commission of like offenses. See Spanziano v. Florida, 468 U.S. 447, 477-78 (1984) (Stevens, J., concurring); see also Williams v. New York, 337 U.S. 241, 251 (1949). Finally, under the Guidelines and Section 3553, similarly situated defendants should receive like punishments. See 18 U.S.C. Section 3553(a)(6).

---

[1] The Pre-Sentence Report (PSR) found that, because the defendant is safety valve eligible, the defendant's guideline range is 30-37 months. The Government agrees with that calculation.

1

## II.     FACTUAL BACKGROUND

As set forth in the plea proffer, during an investigation into narcotics trafficking by one of defendant Ronald Weaver's co-conspirators and pursuant to a court authorized wiretap, defendant Weaver was intercepted on numerous occasions discussing, in coded language, acquiring cocaine. The interceptions show that Weaver was buying approximately ½ ounce per week. For example, in one text message after buying ½ ounce (14 grams) of cocaine, Weaver attached a photograph of the suspected narcotics sitting on a digital scale that showed a weight of 13.6 grams. The evidence would show that this was Weaver's way of complaining that he had been shorted him by 0.4 grams. Based on the length of their relationship and the quantities and frequency of their drug transactions, Weaver is responsible for at least 500 grams of cocaine. Weaver would regularly share the cocaine with other individuals.

## III.    SENTENCING RECOMMENDATION

The Government believes that a sentence of 30 months is sufficient, but not greater than necessary, to achieve the factors set forth under 18 U.S.C. Section 3553. First, in considering the need to protect the community, the Government believes this is a serious case. The Court is well-aware of the severe consequences narcotics cause in our community.

Second, in considering the need for punishment and deterrence, the Government notes that this case represents the defendant's only serious conviction. <u>See</u>, <u>e. g.</u>, <u>Qualis v. United States</u>, 373 F. Supp. 2d 873, 877 (E.D. Wisc. 2005 ) ("It is appropriate for a court, when considering the type of sentence necessary to protect the public and to deter future misconduct, to note the length of any previous sentences imposed.")

Third, the Government notes that, unlike many of the defendants in this court, the defendant is gainfully employed. The Government believes a drug treatment plan may be appropriate for the defendant.

**WHEREFORE**, for the foregoing reasons, the Government asks that Court sentence the defendant to 30 months.

Respectfully submitted,

MATTHEW GRAVES,
United States Attorney for the District of Columbia

_____/s/ *Nihar Mohanty*_____
NIHAR MOHANTY
D.C. Bar No. 436-686
Assistant United States Attorney
United States Attorney's Office
for the District of Columbia
601 D Street, N.W.
Washington, DC 20530
(202) 252-7700
Nihar.Mohanty@usdoj.gov